# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

United States of America,

    Plaintiff,                                    Case No. 1:17cr050

         v.                                  Judge Michael R. Barrett

Barbara Temeck,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Expedited Motion for Judicial Inquiry and New Trial on Basis of Juror Error (Doc. 68); and a Response in Opposition by the United States (Doc. 72).

Defendant requests judicial inquiry regarding information brought to the attention of Defendant's civil lawyer by a juror in the underlying case. The basis for the requested inquiry is contained in sealed Exhibit A (Doc. 70) to Defendant's aforementioned motion, which is the affidavit of Defendant's civil lawyer.

The request for judicial inquiry is governed by Rule 606(b) of the Federal Rules of Evidence. Rule 606(b)(1) prohibits an inquiry "into the validity of a verdict or indictment" and explains that "a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict or indictment." However, Rule 606(b)(2) provides three exceptions to this general rule:

A juror may testify about whether:

(A) extraneous prejudicial information was improperly brought to the jury's attention;

(B) an outside influence was improperly brought to bear on any juror; or

(C) a mistake was made in entering the verdict on the verdict form.

Fed. R. Evid. 606(b)(2).

The gravamen of Defendant's request is contained in Paragraphs 10, 13 and 14 of Exhibit A. (Doc. 70). The Court's discussion of what is contained in Exhibit A is limited because that document has been filed under seal. Paragraphs 13 and 14 are covered by the exceptions found in Rule 606(b)(2)(A) and (B). However, neither Paragraph 13 nor 14 suggest that extraneous information was improperly brought to the jury's attention or that the verdict was rendered based upon improper outside influence. Paragraph 10 raises an issue of mistake which could possibly come under the auspices of the exception found in Rule 606(b)(2)(C). Therefore, the Court focuses its discussion on a potential Rule 606(b)(2)(C) mistake based on the information found in Paragraph 10 of Exhibit A.

In *McCullough v. Consolidated Rail Corp.*, 937 F.2d 1167 (6th Cir. 1991), the Sixth Circuit provided a detailed analysis of Rule 606(b), discussing the advisory committee notes as well as precedent from other circuits. Ultimately, the Sixth Circuit found the analysis to be fact specific and held that it was proper for the trial court to conduct a limited inquiry that did not invade the thought process of the jury, but instead sought clarification of the amount of the final award. *Id*. at 1172. The Sixth Circuit noted that this was not an instance where the stability and finality of verdicts would be threatened. *Id*. The court explained:

> the jurors themselves brought the mistake in the verdict to the court's attention. The short time between the adjournment of court and the jurors' revelation to the judge in the jury room assured that the amendment of the verdict stemmed from the jurors' own volition and not from any overreaching by the parties or their counsel.

*Id*.

Similarly, the Second Circuit reviewed the parameters of Rule 606(b) in *Munafo v. Metropolitan Transp. Authority*, 380 F.3d 99 (2nd Cir. 2004) and explained:

> Rule 606(b) prevents jurors from being "harassed and beset by the defeated party in an effort to secure from them evidence of facts which might establish misconduct sufficient to" overturn a final judgment. *McDonald v. Pless,* 238 U.S. 264, 267, 35 S.Ct. 783, 59 L.Ed. 1300 (1915). "If evidence thus secured could be thus used, the result would be to make what was intended to be a private deliberation, the constant subject of public investigation—to the destruction of all frankness and freedom of discussion and conference." *Id.* at 267–68, 35 S.Ct. 783; *see also United States v. Radonjich,* 1 F.3d 117, 120 (2d Cir. 1993) ("[J]urors have a right to go home at the end of the trial ... secure in the belief that they will not be harassed ...." (quoting the district court's opinion)). Equally important, Rule 606(b) protects juries from themselves, cabining their power to revise special verdicts retrospectively in order to achieve a preferred result. *See* Fed. R. Evid. 606(b) advisory committee's notes (observing a contrary rule would "place every [judgment] at the mercy of jurors"); *Carvalho v. Raybestos–Manhattan, Inc.,* 794 F.2d 454, 457 n. 2 (9th Cir. 1986) (stressing that special verdicts are "designed to prevent the jury's view of the correct result from interfering with factual findings").

*Id.* at 107. In the case before it, the Second Circuit concluded that inquiries designed to determine the accurate transmittal of the verdict to be appropriate. *Id*.

The Tenth Circuit likewise found inquiries into the possibility of clerical error were permissible. *Eastridge Development Co. v. Halpert Associates, Inc.*, 853 F.2d 772, 783 (10th Cir. 1988) (finding that the trial court properly amended the verdict to reflect the jury's true verdict after an interrogation of the jurors confirmed that the jury had mistakenly deducted 20% from its verdict).

In contrast, the Fifth Circuit found that an inquiry that necessarily probes the jury's deliberative process is not permitted. *Robles v. Exxon Corporation*, 862 F.2d 1201 (5th Cir. 1989). In *Robles*, district court refused to enter judgment for the defendant based on juror testimony, received soon after the jury had rendered its verdict in open court, which indicated that the jury's answers to two special interrogatories were the result of the jury's failure to

3

understand the court's instructions. *Id*. at 1202. Instead, the district court ordered the jury to resume its deliberations. *Id*. After the jury returned a second verdict, this time in favor of the plaintiff, the district court entered judgment. *Id*. The Fifth Circuit began its analysis by noting "[f]rom the face of the special verdict form, there is no indication that the jury did anything other than follow its instructions to the letter and answer the special interrogatories, which were put to it in a clear and consistent manner." *Id*. at 1204. The Fifth Circuit acknowledged the district court's good intentions, but concluded that "the method by which the court ascertained that the jury had misunderstood its instructions—receiving testimony from the jurors themselves after they had returned their verdict—is without question prohibited by the Federal Rules of Evidence." *Id*. The Fifth Circuit explained:

> As the Advisory Committee's notes accompanying the rule indicate, the "central focus" of the federal decisions on which the rule is based has been to "insulat[e] ... the manner in which the jury reached the verdict, ... including arguments, statements, discussions, mental and emotional reactions, votes, and any other feature of the process." The Committee specifically mentioned with approval that courts have held jurors incompetent to testify as to whether they or other jurors misinterpreted their instructions. *See id*. (citing *Farmers Co-op. Elevator Ass'n v. Strand*, 382 F.2d 224, 230 (8th Cir.), *cert. denied*, 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967)).

*Id*.

Defendant's motion presents a difficult question. On the one hand, the reason cited by the juror for her verdict necessarily involves the deliberative process and is therefore out of bounds. (*See* Paragraph 14, Exhibit A). In addition, the Court specifically instructed the jury:

> You should consult with one another, consider each other's views and deliberate with the objective of reaching an agreement, if you can do so without disturbing your individual judgment. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. Do not hesitate to change an opinion if convinced that it is wrong. However, you should not surrender honest convictions in order to be congenial or to reach a verdict solely because of the opinion of other jurors.

(Doc. 58, PAGEID #809).

On the other hand, Exhibit A indicates that if the juror had understood the polling process, the juror would have indicated that a guilty vote was not her true verdict. Certainly, if that had occurred in open court, the jury would have again been instructed on the need for unanimity and sent back for the deliberations consistent with the instructions in their entirety.

This Court must weigh the potential for a miscarriage of justice against the purposes of Rule 606, that is, to protect juries from harassment and annoyance as well as to guard against post-verdict remorse or second-guessing. As the Sixth Circuit has instructed: "[i]f . . . courts were to permit a lone juror to attack a verdict through an open-ended narrative concerning the thoughts, views, statements, feelings, and biases of herself and all other jurors sharing in that verdict, the integrity of the American jury system would suffer irreparably." *United States v. Gonzales*, 227 F.3d 520, 527 (6th Cir. 2000); *see also United States v. Kelley,* 461 F.3d 817, 831 (6th Cir. 2006) ("Post-trial jury scrutiny is disfavored because of its potential to undermine "full and frank discussion in the jury room, jurors' willingness to return an unpopular verdict, and the community's trust in a system that relies on the decisions of laypeople.'") (quoting *Tanner v. United States,* 483 U.S. 107, 120–21, 107 S.Ct. 2739, 97 L.Ed.2d 90 (1987)).

Because Exhibit A does not fit within any exception recognized in Rule 606(b), this Court will not conduct an inquiry. *Accord United States v. Kennedy*, No. 3:07CR263, 2010 WL 5057210, at *2 (M.D. Tenn. Dec. 3, 2010) (interviewing jurors about a note from the jury during deliberations to show there was a "compromise verdict" would not serve a legitimate purpose under Fed.R.Evid. 606(b)), *aff'd*, 714 F.3d 951 (6th Cir. 2013); *United States v. Lloyd*, 462 F.3d 510, 518 (6th Cir. 2006) (district court properly denied a motion for inquiry based on juror's post-trial statement that he did not believe the defendant was guilty, but only voted guilty

5

because he could no longer stand the pressure from other jurors because the statement did not fall within the Rule 606(b) exceptions). However, the Court will permit Defendant to proffer a juror affidavit which will be filed under seal for purposes of appellate review only.

Accordingly, the Court **DENIES** Defendant's Expedited Motion for Judicial Inquiry and New Trial on Basis of Juror Error (Doc. 68) but will permit Defendant to supplement the record consistent with this Order.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                Michael R. Barrett
                                                United States District Judge